McClain, C. J.
(dissenting). — The rules of law announced in the majority opinion are entirely satisfactory to me, but I think they have no bearing on this case, and, if I am right in my view as to the facts, the conclusion which I think ought to be reached can be sustained without any contention over legal propositions. The majority of the court is clearly in error in speaking of this as an action to recover the purchase price upon rescission of a sale for breach of warranty. This erroneous assumption as to the nature of the plaintiff’s action runs through the entire opinion, and, in my judgment, renders the conclusion erroneous.
The facts which I rely upon as necessarily leading to an opposite conclusion are these: The cow and calf were sold as one animal. The cow was warranted to be a breeder, with the agreement that, on failure to breed, she might be returned and would be accepted; the seller reserving the right, however, to try her for a period of six months, if he saw fit, and, if she proved to be a breeder, return her to the purchaser at the expense of the latter. If the cow proved barren — 'that is, either if the seller was willing to concede that she was barren, when returned by the buyer after a satisfactory trial, or on election to try her further himself found her not to be a breeder — 'then the purchaser was to have back the purchase price. .On satisfactory trial, the plaintiff — that is, the purchaser — found the cow not to be a breeder and offered to return her, demanding the refund of the purchase price; and the plaintiff was entitled to the purchase price on the return of the animal after satisfactory trial, unless the defendant should elect to try her himself to determine whether she was a breeder. The correspondence between the parties "related to the trial by plaintiff until plaintiff insisted 'on returning the animal and having the purchase price, as stipulated in the contract. Finally, defendant asserted the right to elect to take the animal back and try her for six months, but that election was coupled with conditions not *152 warranted by tbe contract, and therefore the defendant became bound to pay the plaintiff the purchase price of the cow; plaintiff having tendered her return and continuing to hold her for the defendant. There cannot be the slightest possible doubt that each party thought that the other was proceeding, or at least claiming to proceed, in accordance with the terms of the contract, and that plaintiff did not pretend that he was rescinding any sale for breach of warranty, but that he consistently claimed he was demanding the return of the purchase price in accordance with the contract; the purchase price being the stipulated damages which the defendant as seller undertook to pay if the cow was found not to be a breeder. Now, the plaintiff in his petition does not allege a rescission on his part, nor does he ask damages for breach of warranty. Tie alleges that he “ has given defendant timely and repeated notice of the failure of the cow to breed, that he has offered to return her in good condition; that he has complied fully with the.terms of the warranty hereinbefore set out; that defendant has failed to comply with the terms of the sale warranty, and that by making new conditions precedent to the return of the cow, he has waived his right thereto, and has refused to permit her to be tendered under the terms of the warranty, and yet refuses so to do; . . . that, by reason of the breach of sale warranty as herein alleged by defendant, plaintiff has been damaged in the sum of $250 of the purchase price of said cow, with interest on said sum from date of sale to date of judgment at eight per cent.” The only statement in plaintiff’s petition in any way inconsistent with this position is the allegation of damage in the sum of $250, instead of in the sum of $300, the full purchase price. But the sum of $250 is claimed as “ of the purchase price,” and if plaintiff failed to ask all that he was entitled to, or saw fit to remit $50 of the purchase price, certainly the defendant has no ground of complaint.
In the second place, plaintiff asks damages “ for feed and care of said cow in the further sum of $50.” But, as *153 to this claim, it is entirely consistent with the allegations of the petition, for he had tendered back the animal and was holding her for defendant on defendant’s refusal to accept her under the terms of the contract, and,, for the expense of feeding and caring for her while so held, he was clearly entitled to recovery, as for an additional right of action. That this was his view is made perfectly clear by an amendment, in which he asks to recover additional damages for the expense of caring for the cow from the date of suit brought until the date of final judgment.
That, if the sale had been the sale of a cow unaccompanied with any calf, the plaintiff would have been entitled to recover under this state of facts, there could.be, I think, no doubt whatever, even in the opinion of the majority. The complication arises from the fact that at the time of the sale the cow was accompanied with a calf six weeks old, and plaintiff has never offered to return this calf, and subsequently, before tendering the return of the cow, put it out of his power to do so, by selling the calf when it was about one year old. To determine what figure the calf was to cut in this transaction, under the stipulations of the contract, it is necessary to ascertain the legal effect of the stipulation in the contract that “ a cow with calf is regarded as one animal.” There cannot be any doubt as to which of the two was to constitute the one animal. The parties made their-intention clear (if it were otherwise ambiguous, under this printed sale contract intended to cover transactions of various characters, such as might take place at a sale where several sellers were selling various animals in different conditions) by their whole subsequent course of conduct. There is not the slightest doubt that plaintiff from the first regarded himself as being the purchaser of a cow, not of a calf; nor of a combination creature, part cow and part calf. The defendant agreed throughout to this view of the contract, recognizing himself to have been the seller'of a cow under a warranty that she should prove a breeder. He did not claim *154 that he had. sold a calf with a cow attached, nor that he had sold a combination cow and calf. He did in one letter inquire what had become of the calf. But, in his final letter, electing to reserve the right to breed the cow for six months, he did not insist on the return of the calf. He asked ■ what it was worth at that time, and said that it “ will be considered.” Plaintiff never assented to the view that he was under any obligation to return the calf, unless that assent is to be found in his petition. The sole allegation of the petition referring to the calf is that it was then worth not to exceed $50. His attorney may have thought that it was his duty to deduct the value of the calf from the amount of his recovery, but certainly plaintiff is not estopped by an inadvertent allegation from asserting his rights. If he was willing, by reason of erroneous advice of counsel, to deduct $50 from the amount to which he was entitled on account of the calf, he loses just that much; but we do not understand he thereby is precluded from recovering the amount which he claims, provided it does not exceed the amount to which he is entitled.
We come back then, to the sole question in this case; and that is, the construction of the provision that “ a cow with calf is regarded as one animal,” and we are to seek the meaning of this clause, not in an action in which plaintiff is asking to rescind by returning the property purchased and to recover the consideration paid, but in an action in which plaintiff claims that he has done just what the contract calls for, and that defendant has, by the terms of the contract, become obligated to pay him a specified sum of money. The contract does not require the tender back of the cow and calf. It does require that the animal which is guaranteed to be a breeder, and which after satisfactory trial has been found not to be a breeder, shall be returned; and the obligation of the defendant under that contract is to pay the purchase price, or, at his election, to try the animal which he warranted to be a breeder, and then pay the purchase price if the animal *155 proves barren. The majority does not point out in wbat single particular the plaintiff has failed to comply in every respect with the exact terms of the contract, and I see no reason why the defendant should not be compelled to comply with the exact terms of the contract on his part. I am perfectly willing to concede that, if plaintiff were seeking to rescind the sale for breach of warranty, it would be his duty to return the property received, whether treated as two separate animals or one animal; but this plaintiff is not seeking to do. He is asking to recover a portion of the amount which defendant specifically agreed to pay under the conditions as proved by the evidence. I think it may be reasonably inferred from the contract that a cow with a calf by her side sold as one animal was to be regarded as the animal sold, the calf being a mere incident, and that the situation was understood by the parties as not being different from that of the sale of a cow with a calf in the womb. Certainly, if this cow had not yet dropped her calf at the time of the sale, it would not be contended by the majority that plaintiff offering to return the cow a year afterwards, because she had not proved to be a breeder, must return the yearling calf which had been dropped subsequently to the purchase and which he had had the expense of raising.
I am entirely unable to agree with the view of the majority as to the nature of this action or the rights of the parties under this contract, and therefore must dissent from the conclusion announced in the majority opinion.
Ladd, J., concurs in this dissent.